**Ernest L. MEDINA, Plaintiff,**

v.

**TIME, INC., Defendant.**

**Civ. A. No. 69–1275–F.**

United States District Court,
D. Massachusetts.

Nov. 10, 1970.

F. Lee Bailey, Gerald Alch, Colin W. Gillis, Boston, Mass., for plaintiff.

Robert Meserve, Gordon L. Doerfer, Nutter, McClennon & Fish, Boston, Mass., for defendant.

## MEMORANDUM OF OPINION ON
### DEFENDANT'S MOTION FOR SUMMARY JUDGMENT

FRANCIS J. W. FORD, District Judge.

Plaintiff, a captain in the United States Army, brings this action for libel in which he complains of an article in the December 5, 1969 issue of Time Magazine, published by defendant. This article dealt with reports that during an assault by Company C, 11th Infantry Brigade on the hamlet of My Lai in South Vietnam American soldiers had taken part in a slaughter of unarmed civilians. Plaintiff was the commanding officer of this company. The article reported a statement of one Pendleton, an eyewitness, that he had seen Captain Medina shoot a small child, and inquired why no charges had as yet been brought against Medina.

Defendant moves for summary judgment, raising the issues of whether this case is governed by the standard of liability set forth in New York Times v. Sullivan, 376 U.S. 254, 84 S.Ct. 710, 11 L.Ed.2d 686, and if so, whether under that standard, defendant is entitled to summary judgment.

Plaintiff here is a captain in the United States Army, and the article complained of dealt with his alleged actions in that capacity. Clearly, he was a public officer within even the original scope of *New York Times*. In addition he was certainly a figure of public interest and one who willingly or unwillingly had been thrust into the center of a matter of great public interest and importance. Even before the appearance of this article the allegations of atrocious conduct

by American soldiers had become a legitimate matter of public discussion and concern, and defendant's publication clearly is entitled to the protection of the *New York Times* standard. Bon Air Hotel, Inc. v. Time, Inc., 5 Cir., 426 F.2d 858; Rosenbloom v. Metromedia, Inc., 3 Cir., 415 F.2d 892; Time, Inc. v. Mc-Laney, 5 Cir., 406 F.2d 565; United Medical Laboratories, Inc. v. CBS, Inc., 9 Cir., 404 F.2d 706; Curtis Publishing Co. v. Butts, 388 U.S. 130, 87 S.Ct. 1975, 18 L.Ed.2d 1094.

■ In order to prevail in this action plaintiff, under the *New York Times* standard, has the burden of showing with "convincing clarity" that the article was published with "actual malice"—"that is, with knowledge that it was false or with reckless disregard of whether it was false or not." 376 U.S. at 280, 84 S.Ct. at 726. Defendant has denied actual malice and in support of its denial has filed affidavits of the writer of the article, researchers and editors on its staff, and its editorial counsel, asserting that the article was published with the belief that the facts stated were true, and setting forth the details of the investigation of various members of the staff during the period from November 25 through November 29, 1969, showing the sources of its information, its efforts to check the accuracy of these sources, and to discover if there was contradictory information available. If these facts are taken as true, defendant's publication was without actual malice and it is entitled to judgment in its favor dismissing the complaint.

■ Defendant, therefore, should be entitled to summary judgment under Rule 56 unless there is a showing by plaintiff that there is a genuine issue of fact as to defendant's lack of actual malice. This is especially true in a case of this type where the protection of defendant's First Amendment right to freedom of the press requires that defendant be protected not only from judgments for damages, but also from the chilling effect of being required to defend a libel suit in which plaintiff's case makes no showing of any reasonable likelihood of being able to establish factually the existence of actual malice. Washington Post Co. v. Keogh, 125 U.S.App.D.C. 32, 365 F.2d 965.

■ Plaintiff here has offered nothing by way of affidavit, deposition, or otherwise to controvert on any material point the facts set forth in defendant's affidavits.[1] He has made no showing of any factual basis on which to call into question the truth of defendant's statements as to its belief in the truth of what it published or as to the nature of its investigation. There is nothing to show any further steps defendant could reasonably have been expected to take or any additional facts which a reasonable investigation could have uncovered. In summary, plaintiff has failed to produce any indication of any factual evidence to sustain a contention that defendant's publication was made with actual malice.

Defendant's motion for summary judgment is allowed and judgment will be entered for defendant dismissing the complaint.

---

1. Defendant's McManus affidavit says Captain Medina declined to provide any information about the incident. Medina in his affidavit says he does not recall being contacted by a representative of defendant prior to December 4, 1969, but also makes clear that until that date he had declined, in obedience to military orders, to discuss publicly any aspect of the My Lai incident.