**Ernest L. MEDINA, Plaintiff, Appellant,**

v.

**TIME, INC., Defendant, Appellee.**

**No. 7773.**

United States Court of Appeals, First Circuit.

March 23, 1971.

Gerald Alch, Boston, Mass., with whom F. Lee Bailey, Boston, Mass., was on brief, for plaintiff, appellant.

Robert W. Meserve, Boston, Mass., with whom Gordon L. Doerfer, Nutter, McClennen & Fish, Boston, Mass., Harold R. Medina, Jr., and Cravath, Swaine & Moore, New York City, were on brief, for defendant, appellee.

Before ALDRICH, Chief Judge, McENTEE and COFFIN, Circuit Judges.

PER CURIAM.

This appeal from the granting of defendant's motion for summary judgment raises a very narrow issue for our consideration: was there any genuine issue of material fact that defendant, Time Magazine, in publishing statements of others concerning plaintiff's participation in the My Lai tragedy and commenting thereupon, asserted the truth of facts contained in the statements? The

*1. See NLRB v. Amalgamated Clothing Workers of America, 430 F.2d 906 (5th Cir. 1970).*

district court answered this question in the negative, 319 F.Supp. 398, and we affirm that determination.

Plaintiff's appellate argument was directed at demonstrating that the "actual malice" test of New York Times Co. v. Sullivan, 376 U.S. 254, 84 S.Ct. 710, 11 L.Ed.2d 686 (1964), and its progeny, was met sufficiently to avoid summary judgment. Oral argument narrowed to a single contention; that Time after publishing the statement of one Pendleton, accusing Medina of killing a "little boy", asserted the truth of the facts therein by stating:

> "The biggest mystery so far is why no charges have been placed against Captain Medina, who played an important role in the slaughter by the accounts of a number of his men, though exactly what orders he issued is disputed."

Perhaps so starkly stated there is room for accepting plaintiff's interpretation. But a reading of the long article as a whole clearly shows such not to be the case. The quoted statement is taken totally out of context. It follows an extended discussion of other statements implicating him and of charges placed against other participants at My Lai, and, seen in this light, questions only the disparity of treatment as between him and others rather than asserting the accuracy of the accounts published.

The plaintiff does not claim the Time article "truncated or distorted" the statements it reported. *Cf.* Greenbelt Cooperative Pub. Ass'n v. Bresler, 398 U.S. 6, 13, 90 S.Ct. 1537, 26 L.Ed.2d 6 (1970). Conceding this lack of "falsification", the plaintiff's cause of action insofar as it relates to reporting the statements of others must fail as insufficient to sustain a jury finding of "actual malice". Time, Inc. v. Pape, 401 U.S. 279, 91 S.Ct. 633, 636, 28 L.Ed.2d 45.

Affirmed.